23818

Candice BRANHAM, Respondent v. Susan LEAPHART, Petitioner.

(428 S.E. (2d) 707)

Supreme Court

*Ronald E. Alexander* of *McDonald, McKenzie, Fuller, Rubin and Miller*, Columbia, *for petitioner.*

*Gene Stockholm*, West Columbia, *for respondent.*

Heard Feb. 16, 1993.

Decided March 15, 1993.

*Per Curiam:*

This is an automobile negligence case. At trial, the judge refused to permit respondent (Branham) to impeach petitioner (Leaphart) with a statement contained in the police officer's incident report. Branham appealed, and the Court of Appeals reversed. *Branham v. Leaphart*, 92-UP-028 (S.C. Ct. App. filed January 20, 1992). We granted certiorari, and now reverse the Court of Appeals.

Branham and Leaphart were the only witnesses to the accident, and each contended the other was at fault. At trial, Leaphart testified Branham hit her, and denied

ever telling anyone anything different. Branham then attempted to impeach Leaphart by asking her whether she told a police officer that she hit Branham. This question was based on an incident report prepared by a police officer and signed by Leaphart which states Leaphart said she hit Branham. The officer was not present at trial, and while Leaphart admitted signing the report, she claimed she did so, without reading it, because the officer told her to sign it.

The trial judge refused to allow Leaphart to be impeached by the report, ruling it was hearsay. *See also* S.C. Code Ann. § 56-5-1290 (1991) (certain reports may not be used for any purpose at trial or other proceeding to establish negligence). The Court of Appeals reversed, citing its decision in *Ellison v. Pope*, 290 S.C. 100, 348 S.E. (2d) 367 (Ct. App. 1986). We granted certiorari to correct any misimpression that *Ellison* extends to this situation.

In *Ellison*, the defendants voluntarily prepared and gave the investigating officer written accounts of the accident. In addition, the officer prepared his own written investigative report as required by S.C. Code Ann. § 56-5-1270 (1991). The officer filed his report and appended copies of the defendants' handwritten statements. At trial, the court allowed the defendants to be impeached with statements from their own handwritten accounts. There was no attempt to use information in the police officer's report. The defendants appealed, arguing their reports were protected by § 56-5-1290.

The Court of Appeals affirmed, holding that only the reports required by certain statutes[1] were unavailable under § 56-5-1290. Since the defendants' voluntary handwritten accounts were not required by statute, the Court of Appeals held statements made in those accounts could be used to impeach the makers.

The situation in this case, however, differs significantly from that in *Ellison*. Here, Branham sought to impeach Leaphart with a statement contained in the statutorily required report. Use of this report for this purpose is expressly barred by § 56-5-1290. Unlike the Court of Appeals, we attach no significance to the fact Leaphart's signature appears on the report, especially since the only evidence in the record is that

---

[1] S.C. Code Ann. §§ 56-5-1260 to -1280 (1991).

Leaphart signed the report, without reading it, at the officer's request.

*Ellison* permits impeachment by volunteered written statements; it does not extend to written reports required by statute. The trial judge properly refused to allow Branham to impeach Leaphart with the officer's report. Accordingly, the decision of the Court of Appeals reversing this appeal and remanding it for new trial is, itself,

Reversed.